UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARL ERIC KREHNOVI,

*Petitioner*,

vs.

BRIAN WILLIAMS, *et al.,*

*Respondents*.

Case No. 2:17-cv-02831-RFB-GWF

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review.

Petitioner has not properly commenced the action by submitting a pauper application with all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner attached neither. The financial materials attached with the application do not constitute either the required financial certificate or a copy of petitioner's inmate account statement for the prior six months.

It does not appear that a dismissal of the current improperly-commenced action without prejudice would materially impact the analysis of the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice.[1]

---

[1] The online docket records of the state courts reflect that the original judgment of conviction was filed in No. 12C281161 in the state district court on January 22, 2013, and an amended judgment of conviction was filed on October 4, 2013. Petitioner did not file a direct appeal from either judgment. Under *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017), the federal one-year limitation period would begin running under 28

(continued...)

1    IT THEREFORE IS ORDERED that the application (ECF No. 1) to proceed *in forma*
2 *pauperis* is DENIED and that this action shall be DISMISSED without prejudice.
3    IT FURTHER IS ORDERED that the motion (ECF NO. 2) for appointment of counsel
4 is DENIED without prejudice.
5    IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of
6 reason would not find the dismissal of this improperly-commenced action without prejudice
7 to be debatable or wrong, for the reasons discussed herein.
8    The Clerk of Court shall send petitioner a copy of his papers in this action, along with
9 copies of the forms and instructions for an inmate pauper application and habeas petition.
10    The Clerk shall enter final judgment accordingly, dismissing this action without
11 prejudice. The Clerk of the Court shall close this case.

   DATED this 28th day of June, 2018.



   RICHARD F. BOULWARE, II
   United States District Judge

---

[1](...continued)
U.S.C. § 2244(d)(1)(A) after the time expired to appeal the October 4, 2013, amended judgment. Prior to that time, however, petitioner filed a timely state post-conviction petition, on September 17, 2013. The one-year limitation period was statutorily tolled under § 2244(d)(2) during the proceedings on the petition, through the September 11, 2017, issuance of the remittitur in No. 70366 in the state supreme court. Meanwhile, however, petitioner filed, *inter alia*, a motion to modify and/or correct illegal sentence in the state district court on March 16, 2017; and an appeal from the denial of that motion was pending in No. 73762 in the state appellate courts through the issuance of the remittitur on April 10, 2018. Given the statutory tolling from the previously pending state court proceedings, it would appear that the federal limitation period did not begin running until after April 10, 2018. Petitioner at all times remains responsible for calculating all applicable limitation periods and timely presenting his claims.