UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARL ERIC KREHNOVI,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.,*

    *Respondents*.

Case No. 2:17-cv-02831-RFB-GWF

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motions to set aside dismissal and to reopen case. (ECF Nos. 5 & 6.) The motions have been filed within the time for seeking relief pursuant to Rule 59 of the Federal Rules of Civil Procedure.

The Court dismissed the action without prejudice because petitioner failed to properly commence the action by submitting a pauper application with all required attachments. Petitioner maintains, *inter alia*, that: (1) he wrote letters seeking to determine the status of the case and was never advised of any deficiencies in the pauper application and no such defects are reflected by the docket sheet; (2) typically an order instead would issue giving petitioner an opportunity to either correct the deficiency or pay the $5.00 filing fee; and (3) he reasonably relied upon his expectation that the Court would do so. He requests that the matter be reopened, that he be allowed to pay the $5.00 filing fee in this action, and that he not be required to redraft, copy and prepare a new habeas petition package for filing. (ECF No. 5,

at 2-3.)

Petitioner is mistaken as to the typical practice with respect to improperly commenced actions. A petitioner must properly commence an action in the first instance. If he does not do so, the action, in the absence of collateral practical prejudice such as from a limitation bar, may be dismissed without prejudice. That does in fact require that the petitioner file a new habeas petition with a new pauper application with new financial attachments in a new action under a new docket number. Neither what petitioner may glean from any response or lack of response to status inquiries nor what the face of the docket sheet reflects or does not reflect limits the Court's discretion in this regard.[1]

This action is closed. Petitioner must file a new petition with a new pauper application in a new action under a new docket number if he wishes to seek federal habeas relief. He should do so promptly in order to assure that he files a timely federal petition in a properly commenced action. Petitioner at all times remains responsible for calculating all applicable limitation periods and timely presenting his claims in a properly commenced action. If petitioner allows the federal limitation period to expire while he instead seeks to reopen this action, that will not necessarily provide a basis for overcoming the untimeliness of a later petition if petitioner allows the limitation period to expire.

IT THEREFORE IS ORDERED that petitioner's motions to set aside dismissal and to reopen case (ECF Nos. 5 & 6) both are DENIED.

DATED: July 13, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge

---

[1] Petitioner attaches with his motions a financial certificate and an inmate account statement dated from approximately the time of the pauper application and petition in this action. (ECF No. 5, at 5-18.) Those financial materials were not attached with the pauper application filed with the Clerk, and petitioner instead attached other materials that were deficient. It again is petitioner's burden to properly commence an action by actually filing the required papers when he files the action, which petitioner clearly did not do here. Submitting paperwork only after a dismissal without prejudice will not lead to a matter being reopened. Petitioner instead must properly commence a new action.